FLOYD E. POSTON AND W. IRVIN POSTON, ADMINISTRATORS, ESTATE OF CLARENCE E. POSTON, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 27350.   Promulgated October 14, 1929.

*Frank C. Olive, Esq.,* for the petitioners.
*A. H. Fast, Esq.,* for the respondent.

924

OPINION.

TRAMMELL: There is only one issue presented for decision here, namely, whether the petitioners are entitled to a deduction of $9,900 from gross income for 1922 on account of an investment by the decedent in certain corporate stocks purchased in 1920 having become worthless in the taxable year.

The Revenue Act of 1921 provides as follows:

SEC. 214 (a) That in computing net income there shall be allowed as deductions:

    *        *        *        *        *        *        *

(5) Losses sustained during the taxable year and not compensated for by insurance or otherwise, if incurred in any transaction entered into for profit, though not connected with the trade or business. * * *.

The record before us contains no suggestion that the decedent did not at some time suffer a loss in the amount claimed, or that the loss was compensated for by insurance or otherwise. Nor is it contended that the loss was not incurred in connection with a transaction entered into for profit. The sole question is whether or not the loss was sustained in the taxable year; that is to say, whether or not the stock of the engine company, purchased by the decedent in 1920 for $9,900, became worthless in 1922.

As shown by the deficiency letter, the respondent disallowed the deduction claimed on the ground " that the transaction in 1922 relative to stock in the Midwest Engine Company was a reorganization and no loss may be claimed on this stock until sold or otherwise disposed of." We have no other information respecting the contentions of the respondent in this case, since no brief has been filed in his behalf.

If it is the position of the respondent that the transaction in 1922, by which the decedent exchanged his shares of preferred stock in the Midwest Engine Co. for shares of common stock in the Midwest Engine Corporation, constituted a reorganization and therefore under section 202 of the Revenue Act of 1921, no loss may be recognized until the stock is sold or otherwise disposed of, it is our opinion that such position is untenable, for the reason that the loss claimed by the petitioners is not claimed as having resulted from the exchange.

The decedent in 1920 purchased preferred stock in the Midwest Engine Co. for $9,900. The corporation had serious financial difficulties in the latter part of 1920, which continued through 1921. At the end of 1921 the stock was not worthless, although undoubtedly there had occurred a pronounced shrinkage in its value. On January 9, 1922, a plan of reorganization was instituted. Under this plan a new corporation, known as the Midwest Engine Corporation, was organized, to which was conveyed all the assets of the two prior companies. The creditors of the old companies received preferred stock of the new corporation, and the preferred stockholders of the old companies received no-par value common stock, share for share, of the new corporation. Additional working capital in the amount of $1,000,000 was provided for by the issuance and sale of bonds of the new corporation.

At the time the reorganization was completed in 1922, the no-par value common stock of the new corporation for which the decedent had exchanged his preferred stock of the old company could not be said to be worthless, although its value was then more or less problematical. However, the evidence shows that prior to the close of 1922 the common stock of the new corporation had become entirely worthless. It was then apparent that the assets of the corporation would not be sufficient to pay the claims of the general creditors, and that there would be nothing left for distribution among the common stockholders. The operation of the company was continued until 1924, when it went into the hands of a receiver. Liquidation was finally completed in 1925. The bondholders received less than 10 per cent of the face value of their bonds, and the common stockholders recovered nothing whatever.

It is well settled that a taxpayer may deduct a loss on account of his investment in the capital stock of a corporation having become worthless without waiting until the corporation has completed the sale of its assets and liquidated its business through a receivership or otherwise. *J. J. Melick*, 6 B. T. A. 70. As we said in *Remington Typewriter Co.*, 4 B. T. A. 880, p. 888, " The fact that the shell of a worthless corporation continues in business is no bar to the deduction of an investment in that corporation's stock when all facts clearly indicate the stock to be worthless."

From a consideration of the evidence before us, we are convinced that the decedent's investment of $9,900 in the common stock of the Midwest Engine Corporation became wholly worthless within the taxable year 1922, and the petitioners are therefore entitled to a deduction of said amount from gross income for said year. The deficiency should be recomputed accordingly.

*Judgment will be entered under Rule 50.*